UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALLIANCE MANAGEMENT SERVICES, LLC | ) | CASE NO. 16-31239(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| MICHAEL E. WHEATLEY | ) | AP NO. 17-3034 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OKLAHOMA TOWER & ENERGY SERVICES, LLC, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter came before the Court on the Motion for Summary Judgment of Trustee Michael E. Wheatley ("Trustee") against Defendant Oklahoma Tower & Energy Services, LLC ("OKT") filed pursuant to Fed. R. Bankr. P. 7056. For the following reasons, the Court will **GRANT** the Trustee's Motion.

## UNDISPUTED MATERIAL FACTS

On April 15, 2016, Alliance Management Services, LLC ("Debtor"), filed a Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code.

On August 30, 2016, the Court entered an Order granting the Motion of the United States Trustee to Convert Debtor's Case to one under Chapter 7 of the Bankruptcy Code. On the same date, Michael E. Wheatley was appointed as the Chapter 7 Trustee in the case.

On June 28, 2017, the Trustee filed a Complaint to Avoid Preferential Transfers Against OKT, Sunbelt Finance, LLC and DB Squared, Inc. pursuant to 11 U.S.C. § 547(b).

On August 6, 2017, OKT filed its Amended Answer to the Complaint denying all material allegations against it asserted in the Complaint and asserting affirmative defenses to the preference claims. The affirmative defenses were that any transfers were not on account of antecedent debt, were made as a contemporaneous exchange for new value, were made in the ordinary course of the Debtor's business and that Debtor was not insolvent at the time of the transfer.

On September 11, 2017, Trustee served OKT with Trustee's First Set of Request for Admissions pursuant to Fed. R. Bankr. P. 7036.

On October 12, 2017, one day after the thirty day deadline to respond to the Request for Admissions, counsel for OKT sent counsel for the Trustee an email stating, "FYI Mr. McClelland has promised to come into my office next week and sign the discovery responses. I hope this is fine with you." Trustee's counsel responded by email, "Because the thirty days have already passed, the requests are deemed admitted by operation of the federal rules."

At no time has OKT served Trustee with responses to the Request for Admissions.

On November 7, 2017, Trustee filed his Motion for Summary Judgment against OKT contending that OKT, by its failure to respond to the Request for Admissions has, as a matter of law, admitted each material element of a voidable preference pursuant to 11 U.S.C. § 547(b) and that the Trustee is entitled to judgment as a matter of law pursuant to Fed. R. Bankr. P. 7056.

On November 7, 2017, OKT filed a Response to the Trustee's Motion for Summary Judgment and a Motion to Extend Time to Provide Responses to Trustee's Request for Admissions.

The Court scheduled the Motion to Extend Time for hearing on December 19, 2017, which was continued to January 4, 2018.

On January 3, 2018, OKT filed a Motion to Withdraw the Motion to Extend Time. The Court remanded the January 4, 2018, hearing and on January 5, 2018 signed and entered OKT's Order granting the Motion to Withdraw the Motion to Enlarge Time. The Order specifically stated:

> IT IS FURTHER ORDERED that Request for Admissions are deemed admitted pursuant to Rule 36. Fed. R. Civ. P. 36.

## LEGAL ANALYSIS

The Trustee seeks summary judgment in his favor and against Defendant OKT on his claims that OKT received $28,500 and $116,732 from the Debtor as preferential transfers pursuant to 11 U.S.C. § 547(b). OKT admits that it failed to timely respond to the Request for Admissions served on it by the Trustee and that the Request for Admissions are deemed admitted pursuant to Fed. R. Bankr. P. 7036, which incorporates Fed. R. Civ. P. 36 in adversary proceedings. *See*, Order, Dkt. 45 and *Goodson v. Brennan*, 688 F. Appx. 372, 375 (6th Cir. 2017)(noting failure to timely respond to Request for Admissions established as fact all statements therein). Therefore, the only remaining issue is whether the admissions established that the Trustee is entitled to summary judgment as a matter of law on his preference claims.

The Trustee had the burden of proving by a preponderance of the evidence each element of the preference claim pursuant to 11 U.S.C. § 547(b). To establish a voidable preference, a transfer must: "(1) benefit a creditor; (2) on account of an antecedent debt; (3) be made while the debtor was insolvent; (4) be made within 90 days before bankruptcy; and (5) enable the creditor to receive a

larger share of the estate as if the transfer had not been made." *In re Carled, Inc.*, 91 F.3d 811, 813 (6th Cir. 1996) (quoting *Union Bank v. Wolas*, 502 U.S. 151, 155 (1991)).

With respect to all of the elements, other than insolvency, OKT admitted each element necessary to prove the Trustee's claims under § 547(b) in Request for Admission No. 11. (The Request for Admissions are attached to the Trustee's Motion for Summary Judgment, DKT 26, as Exhibit 1.) The insolvency of the Debtor was admitted in Request for Admission No. 1. Admission No. 2 established that for each transfer identified in the Complaint, OKT received a greater percentage of what was owed to it (with respect to the obligation of debt underlying the transfer) than it would have received if the transfer had not been made and the Debtor had liquidated its business under Chapter 7 of the United States Bankruptcy Code. Thus, each of the five elements necessary to establish a voidable preference were proven by the Trustee.

In its Amended Answer to the Complaint, OKT asserted affirmative defenses under 11 U.S.C. § 547(c)(4), claiming new value was given by OKT to the Debtor subsequent to the transfer. This defense was negated by Request for Admission No. 4.

OKT also asserted an affirmative defense under 11 U.S.C. § 547(c)(1), that the transfer was intended by the Debtor and OKT to be a contemporaneous exchange for new value given to the Debtor. This affirmative defense was negated by Request for Admission No. 6.

OKT asserted in its Amended Answer an affirmative defense under § 547(c)(2)(A) and (B), that each invoice or obligation paid by each transfer was made in the ordinary course of business or in accordance with ordinary business terms. This defense was negated by Request for Admission Nos. 7, 8 and 9.

-4-

The Trustee met his burden of proving each element establishing that he is entitled to void the two preferential transfers made by the Debtor for the benefit of OKT in the amounts of $28,500, (less the $19,500 that the Trustee received in settlement from DB Squared, Inc.) for a total of $8,550 owed under Count I of the Complaint and $116,732 under Count II of the Complaint. The Trustee also established that OKT cannot prove the affirmative defenses it asserted in its Amended Answers. Pursuant to Rule 7056, the Trustee is entitled to summary judgment in his favor as a matter of law.

## CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of Plaintiff Michael E. Wheatley, Trustee of the Estate of Debtor Alliance Management Services, LLC on Counts I and II of its Complaint against Oklahoma Tower & Energy Services, LLC. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 23, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| ALLIANCE MANAGEMENT SERVICES, LLC | ) CASE NO. 16-31239(1)(7) |
| Debtor(s) | ) |
| MICHAEL E. WHEATLEY | ) AP NO. 17-3034 |
| Plaintiff(s) | ) |
| v. | ) |
| OKLAHOMA TOWER & ENERGY SERVICES, LLC, *et al.* | ) |
| Defendant(s) | ) |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference and the Court having considered the Motion for Summary Judgment of Plaintiff Trustee Michael E. Wheatley and the record as a whole, and it appearing that there are no genuine issues of material fact and the Trustee is entitled to judgment as a matter of law, the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff/Trustee's Motion for Summary Judgment, be and hereby is, **GRANTED**;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered against Oklahoma Tower & Energy Services, LLC in favor of Plaintiff/Trustee in the amount of $125,282 plus statutory interest.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 23, 2018